# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DINO JAY SCHWERTZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6813** |
| **MICHELLE MILLON** | **SECTION: "D"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Dino Jay Schwertz, a state prisoner, filed this *pro se* complaint against Michelle Millon. In this lawsuit, plaintiff claims that Millon falsely accused him of molesting her son in a school restroom so that she could then file a civil lawsuit against the school board. Plaintiff was in fact convicted of the criminal charge and is currently serving his sentence at the Louisiana State Penitentiary in Angola, Louisiana.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) *that the deprivation was caused by a person or persons acting under color of state law*.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (emphasis added) (quotation marks omitted).

Plaintiff's claim against Millon fails because she is not a state actor. "A private individual complainant in a criminal prosecution does not act under color of law." Pleasant v. Carraway, No. 94-10272, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (citing Grow v. Fisher, 523 F.2d 875, 879 (7th Cir. 1975)); see also Melton v. Dermota, No. 90-1530, 1991 WL 147490, at *7 (4th Cir. Aug. 6, 1991); Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988); Hoffman v. Ferguson, Civ. Action No. 09-5052, 2009 WL 1606736, at *3 (W.D. Ark. June 5, 2009); Serbalik v. Gray, 27 F.Supp.2d 127, 131-32 (N.D.N.Y. 1998); Rodgers v. Lincoln Towing Service, Inc., 596 F.Supp. 13, 21 (N.D. Ill. 1984), aff'd, 771 F.2d 194 (7th Cir. 1985). Moreover, the fact that the police relied upon Millon's complaint in arresting and charging plaintiff does not make her a state actor. See Pleasant, 1994 WL 261217, at *1 (citing Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc., 673 F.2d 771, 772 (5th Cir. 1982)); see also Melton, 1991 WL 147490, at *7; Daniel, 839 F.2d at 1130.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-second day of October, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**